UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. FERNANDO ALMANZA, Defendant. | Case No.: 25-cr-2050-WQH **ORDER** |

HAYES, Judge:

The matter before the Court is the Motion for Bail Pending Appeal, filed by Defendant Fernando Almanza. (ECF No. 75.)

**I. Background**

On April 25, 2025, a sealed Complaint was filed charging Defendant with Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. § 922(g)(1). (ECF No. 1.)

**A. Allegations of the Complaint**

On April 14, 2025, members of the Federal Bureau of Investigation Inland Violent Crime Suppression Team executed a search warrant at 1539 Walton Street in Oceanside, California and located Defendant in a recreational vehicle parked in the driveway of the residence. A search of the recreational vehicle revealed two privately made firearms (commonly referred to as "ghost guns") along with approximately forty (40) rounds of Fiocchi brand 9mm ammunition. A search of the garage of the residence revealed a loaded .45 caliber Springfield 14 Armory handgun, which had been reported stolen, and a loaded .380 Colt handgun, along with ammunition. Investigators also searched the residence and

found a .22 caliber Mossberg rifle in one of the bedrooms, which was later determined to belong to Defendant's son.

Defendant was arrested and agreed to speak with investigators. During his post-arrest interview, Defendant admitted all the firearms and ammunition seized by investigators belonged to him. Defendant further admitted that he was a previously convicted felon. Record checks on Defendant revealed that he had been convicted of two felonies on October 22, 2001.

**B. Indictment**

On May 29, 2025, Defendant was arraigned on a two-count Indictment charging Defendant with Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). (ECF Nos. 19 & 20.)

**C. Discovery Motions**

On June 13, 2025, the Government filed a motion for reciprocal discovery and for leave to file further motions. (ECF No. 24.) On July 20, 2025, Defendant filed a motion to compel discovery, preserve evidence, and for leave to file further motions. (ECF No. 25.) On July 21, 2025, the Court conducted a motion hearing/trial setting. The Court set a trial date of December 1, 2025, and granted Defendant's request to continue the motion hearing to September 8, 2025. (ECF No. 26.)

On August 22, 2025, Defendant filed a discovery status report stating:

> [D]efense counsel requested discovery on the investigation of a home invasion that occurred in Perris, California on February 27, 2025. The home invasion investigation is the basis for the search warrant affidavit that was attached to the application for the search warrant that was used to search Mr. Almanza's home on April 14, 2025. The defense believes the search warrant application lacked sufficient probable cause on its face and is preparing to submit a motion for this Court's review. However, in order to determine whether there are any other issues with the warrant application that would be properly raised with the Court, the defense needs to review what investigation was performed before submitting the application.

(ECF No. 27 at 2.)

On September 1, 2025, the Government filed a response in opposition to Defendant's request for further discovery. (ECF No. 28.) The Government asserted that it has "produced significant discovery, including the search warrant and affidavit that led to the recovery of the firearms and ammunition, reports, evidence photos, a recording of Defendant's post-arrest interview, Defendant's criminal history, and body-worn camera footage." *Id*. at 3. The Government asserted that it "will continue to produce discovery on a rolling basis as it is received." *Id*.

On September 8, 2025, the Court conducted a motion hearing. (ECF No. 30.) The Court denied without prejudice Defendant's request for further discovery regarding the investigation of the February 27, 2025 Perris home invasion. The Court ordered any motion to suppress to be filed by September 29, 2025, and set a motion hearing for November 10, 2025.

**D. Motion to Suppress**

On September 29, 2025, Defendant filed a Motion to Suppress Search Warrant. ("Motion to Suppress," ECF No. 31.) Defendant contended:

> Police officers in Riverside County were frustrated after over a month of investigating a home invasion without answers. Rather than continue independent investigation, the officers sought a sweeping warrant to short-cut the investigation and hopefully solve the whodunnit.
>
> Without concrete evidence that Mr. Almanza was involved in the home invasion or that he had evidence of such at his home, the officers relied on conclusory allegations and coincidences to patch together their request. However, the warrant signed by the county court cannot stand because it fails to establish probable cause. And therefore, any evidence seized as a result of the illegal search must also be suppressed.

*Id*. at 1. Defendant contended that the state of California's search warrant issued on April 7, 2025 (the "Warrant") of the location at 1539 Walton Street in Oceanside, California (the "Oceanside Location") was unreasonable because the Warrant and supporting affidavit of Investigator Reese Barbee (the "Affidavit") lacked probable cause because the Affidavit "fails to establish that Mr. Almanza was connected to the [February 27, 2025 Perris] home

invasion" and the Affidavit "fails to establish a nexus between Mr. Almanza's home and the items sought." *Id*. at 4, 5. Defendant also contended that the Affidavit "relied on stale information." *Id*. at 8. Defendant requested discovery and an evidentiary hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), "to determine if there were any misleading or false statements included in the affidavit." (ECF No. 31 at 8.)

On October 13, 2025, the Government filed a Response in opposition to the Motion to Suppress. (ECF No. 32.)

On November 10, 2025, the Court heard oral argument on the Motion to Suppress. (ECF No. 39.)

On December 9, 2025, the Court issued an Order denying the Motion to Suppress. (ECF No. 40.) The Court stated: "'[r]eview[ing] the issuance of [the] search warrant deferentially,' the Court finds that 'the issuing judge had a substantial basis for concluding that probable cause existed based on the totality of circumstances.'" *Id*. at 12 (quoting *Ewing v. City of Stockton*, 588 F.3d 1218, 1223 (9th Cir. 2009)). In so holding, the Court discussed the primary authority relied upon by Defendant, *United States v. Nora*, 765 F.3d 1049 (9th Cir. 2014), and stated the reasons why the Court found that "Nora is inapposite here." (ECF No. 40 at 11; *see id*. at 11–12.) The Court next denied Defendant's staleness and overbreadth challenges. *See id*. at 12–14. The Court then denied Defendant's request for a *Franks* hearing, stating that "Defendant has failed to show that the affiant intentionally or recklessly made *any* false or misleading statements or omissions, or that such statements or omissions were necessary to finding probable cause." *Id*. at 15, 16. The Court stated: "To the extent Defendant 'requests all discovery related to the investigation into the home invasion,' (ECF No. 31 at 9), the Court finds that Defendant has failed to show that any additional information related to the home invasion is in the Government's possession. Defendant also has failed to show that any additional information is material—that is, that this information would tend to be helpful to the defense in this case, which simply charges Defendant with being a felon in possession of firearms and ammunition." (ECF No. 40 at 17.) Finally, the Court held that, "even if the Affidavit supporting the Warrant were

deficient, the good faith exception would apply and suppression would not be appropriate." *Id*. at 18.

**E. Bench Trial and Sentencing**

On January 20, 2026, this Court conducted a bench trial based upon stipulated facts and testimony. (*See* ECF Nos. 44, 48.) The Court found Defendant guilty of both counts of the Indictment. (ECF No. 48.)

Sentencing was initially scheduled for April 13, 2026, and was then continued due to a clerical error failing to notify Probation to June 15, 2026. (ECF Nos. 48–49.) At the request of Probation, sentencing was continued to August 3, 2026 (ECF No. 50), and then, at the request of Defendant, sentencing was continued to August 31, 2026. (ECF No. 53.)

On August 31, 2026, the Court sentenced Defendant to a custodial term of 24 months to be followed by a term of supervised release of three years as to each count, to run concurrently. (ECF Nos. 62, 64.) Defendant was ordered to self-surrender on November 6, 2026. (ECF No. 62.)

**F. Appeal and Motion for Bail Pending Appeal**

On September 9, 2026, Defendant filed a notice of appeal. (ECF No. 65.)

On October 9, 2026, Defendant filed the pending Motion for Bail Pending Appeal. (ECF No. 75.) Defendant requests that the Court "grant his motion for continued release pending appeal, imposing the same conditions as were applied to his release pending self-surrender." *Id*. at 1. Defendant has been on bond since May of 2025 and he highlights the Court's statement at sentencing that he has done well while on bond, and he contends that "[t]he issues litigated pretrial present fairly debatable issues on which the Ninth Circuit may disagree." *Id*. Defendant also asserts that, "[g]iven the average time an appeal to the Ninth Circuit takes, if required to self surrender, Mr. Almanza would likely serve the majority of his sentence before the appeal was decided." *Id*.

On October 23, 2026, the United States filed a Response in opposition to the Motion for Bail Pending Appeal. (ECF No. 77.) The United States contends that "Defendant has

failed to meet his burden to present a 'substantial question of law or fact,'" and "the Court should detain Defendant pending appeal on that basis." *Id*. at 3.

On October 30, 2026, the Court conducted a hearing on the Motion for Bail Pending Appeal.

## II. Discussion

Pursuant to 18 U.S.C. § 3143(b)(1), a person who has been found guilty of an offense, sentenced to a term of imprisonment, and who has filed an appeal "shall be detained" unless the judicial officer finds "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released" and "that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1).[1] A question is "substantial" if it is "fairly debatable" or "fairly doubtful," not necessarily more likely than not to prevail. *United States v. Handy*, 761 F.2d 1279, 1280–82 (9th Cir. 1985).

Defendant has appeared for court hearings as required and has generally complied with all pre-trial conditions of release, with the exception of a Driving Under the Influence ("DUI") conviction in October 2025. As discussed at sentencing, Defendant has a positive and lengthy employment history and family responsibilities. (*See* ECF No. 73 at 29–31.) Defendant's 2025 DUI conviction is his only scoring conviction and Defendant was in a criminal history category I, which is the lowest under the Guidelines. Defendant's only felony conviction was for vandalism and evading an officer with reckless driving 25 years ago, when Defendant was 20 years old. On this record, Defendant has adequately established that he is not a flight risk and poses no danger to the safety of any other person

[1] For certain offenses, detention is mandated, 18 U.S.C. § 3143(b)(2), and the Court may only order release upon a showing of "exceptional reasons" why detention would not be appropriate. *Id*. § 3145(c). There is no dispute that these provisions do not apply in this case.

or the community if released pending appeal. The record also supports a finding that Defendant's appeal is not for purposes of delay.

The Court finds that there are fairly debatable questions presented in the Motion to Suppress Search Warrant—specifically whether the Affidavit established probable cause for the search of the Oceanside Location. (*See* ECF No. 31 at 4–8 (Motion to Suppress Search Warrant); *see also* ECF No. 40 at 8–12 (Order addressing Motion to Suppress Search Warrant).) Because this search supplied the evidence supporting Defendant's conviction in this case, these "fairly debatable" questions, *Handy*, 761 F.2d at 1283, presented in Defendant's appeal constitute "a substantial question of law or fact" that, if resolved in Defendant's favor, is "likely to result in … reversal…." 18 U.S.C. § 3143(b)(1).

The Court finds that Defendant has carried his burden of showing that the Motion for Bail Pending Appeal should be granted. (ECF No. 75.)

## III. Conclusion

IT IS HEREBY ORDERED that the Motion for Bail Pending Appeal is granted. (ECF No. 75.) Defendant shall remain released on bail pending completion of appeal proceedings or as otherwise ordered by the Court, with Defendant being subject to the same conditions as were applied to his pretrial release and his release pending self-surrender. No later than seven (7) days after completion of appeal proceedings, the parties shall file a status report in this Court.

IT IS FURTHER ORDERED that the self-surrender deadline of November 6, 2026, and the bond exoneration hearing set for November 9, 2026, are vacated.

Dated: October 30, 2026

William Q. Hayes

Hon. William Q. Hayes
United States District Court